## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-00714 MMM (RCx) | Date | March 3, 2009 |
| Title | *Titans Trading Corp. v. JTS Express* | | |

Present: The Honorable  MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** Order to Show Cause Why Action Should Not Be Remanded to State Court for Lack of Subject Matter Jurisdiction

## I. BACKGROUND

On December 19, 2008, plaintiff Titans Trading Corporation ("Titans") filed a complaint against defendants JTS Express, Inc. ("JTS") and certain unnamed defendants in Los Angeles Superior Court. Titans' complaint alleges claims for breach of contract, conversion, fraud, general negligence, negligent hiring, breach of bailment, and negligent breach of bailment.[1] JTS removed the action to this court on January 29, 2009, asserting that the matter fell within the court's federal question jurisdiction under 28 U.S.C. §§ 1441, 1331, 1337, and 49 U.S.C. § 14706(a) (the Carmack Amedment).[2]

## II. DISCUSSION

### A.  Legal Standard Governing Removal

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final

---

[1] Complaint at 1.

[2] Notice of Removal at 1.

judgment[, however,] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), and *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)).  Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

Removal jurisdiction can be based on diversity of citizenship or on the existence of a federal question.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.  Absent diversity of citizenship, federal-question jurisdiction is required"); see also 28 U.S.C. § 1441(b); *id.* at § 1331 (the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

Federal question jurisdiction is presumed to be absent unless a defendant, as the party seeking removal, shows that the plaintiff has either alleged a federal claim (*American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)), a state cause of action that requires resolution of a substantial issue of federal law (*Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921)), or a state cause of action that Congress has transformed into an inherently federal claim by completely preempting the field (*Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)).

Whether one of these criteria is satisfied must be determined by reference to the "well-pleaded complaint."  *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  Plaintiffs are the "master[s] of the[ir] claim[s]."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Thus, where plaintiffs can state claims under both federal and state law, they can prevent removal by ignoring the federal claim and alleging only state law claims.  *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir. 1996).

There is an exception to the "well pleaded complaint" rule, however.  Under the "artful pleading" doctrine, a plaintiff cannot defeat removal of a federal claim by disguising or pleading it artfully as a state law cause of action.  If the claim arises under federal law, the federal court will recharacterize it and uphold removal.  *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 n. 2 (1981); *Schroeder v. TransWorld Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983).  The "artful pleading" doctrine applies to state claims that are completely preempted by federal law.  See *Caterpillar*, 482 U.S. at 393 ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law");

*ARCO Environmental Remediation, L.L.C. v. Department of Health & Environmental Quality of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000) ("A state-created cause of action can be deemed to arise under federal law . . . where federal law completely preempts state law").

Complete preemption arises only when a federal statute has "extraordinary" preemptive force. See *Metropolitan Life Ins. Co.*, 481 U.S. at 65; *Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993) ("The [complete preemption] doctrine applies in select cases where the preemptive force of federal law is so 'extraordinary' that it converts state common law claims into claims arising under federal law for purposes of jurisdiction," citing *Caterpillar*, 482 U.S. 386). The complete preemption doctrine is narrowly construed. See *Holman*, 994 F.2d at 668 (calling the complete preemption doctrine a "narrow exception to the 'well-pleaded complaint rule'"); *Gatton v. T-Mobile USA, Inc.*, No. SACV 03-130 DOC, 2003 WL 21530185, * 5 (C.D. Cal. Apr. 18, 2003) ("The complete preemption doctrine is, however, extremely narrow," citing *TPS Utilicom Services, Inc. v. AT & T Corp.*, 223 F.Supp.2d 1089, 1097 (C.D. Cal. 2002)).

Titans has not alleged a federal claim. The Carmack Amendment, however, "subjects a motor carrier transporting cargo in interstate commerce to absolute liability for actual loss or injury to property." *Hughes Aircraft Co. v. North Am. Van Lines, Inc.*, 970 F.2d 609, 611 (9th Cir. 1992).[3] Titans used JTS as a "licensed property broker" to ship goods from California to Florida.[4] Titans alleges that JTS is liable for goods that were stolen from one of the shipments.[5] Titans did not plead a Carmack Amendment claim against JTS. The court must thus consider whether Titans' claims are completely preempted under the Carmack Amendment.

### B. Whether the Carmack Amendment Completely Preempts Titans' State Law Claims

The Ninth Circuit has held that the Carmack Amendment completely preempts state contract claims alleging delay, loss, failure to deliver or damage to property. See *Hall v. North America Van Lines*, 476 F.3d 683, 688 (9th Cir. 2007) ("[T]he Carmack Amendment completely preempts a contract claim alleging loss or damage to property."); *id.* (noting the "well settled" principle "that the Carmack Amendment is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property"); *id.* at 688-89 ("the Carmack Amendment is the exclusive cause of action for contract claims alleging delay, loss, failure to deliver or damage to property"); see also *New York, New Haven & Hartford RR Co. v. Nothnagle*, 346 U.S. 128, 131 (1953) ("Congress superseded diverse state laws with a nationally uniform policy governing interstate carriers' liability for property loss"); *Adams Express Co. v. Croninger*, 226 U.S. 491, 505-06 (1913) ("Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the

---

[3]The Carmack Amendment was formerly codified at 49 U.S.C. § 11707. It is now found at 49 U.S.C. § 11706. *M.R. Swanson, Inc. v. Burlington Northern and Santa Fe Ry. Co.*, No. CIV. F-99-5496AWISMS, 2001 WL 201378, * 2 (E.D. Cal. Feb. 21, 2001).

[4]Complaint, ¶ 7.

[5]See Complaint.

3

subject, and supersede all state regulation with reference to it"); *Hughes Aircraft*, 970 F.2d at 612 (explaining that the Carmack Amendment was enacted in 1906, and established a uniform national liability policy for interstate carriers); *Hunter v. United Van Lines*, 746 F.2d 635, 638 (9th Cir. 1985) (observing that plaintiffs' contract claim would have been completely preempted if it had satisfied Carmack's minimum amount in controversy).

Because the purpose of the Carmack Amendment is to create a uniform scheme governing liability arising out of interstate transportation of property, the scope of its preemption is broad. The Supreme Court has stated that the Carmack Amendment is "comprehensive enough to embrace responsibility for all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation." *Georgia, Florida and Alabama Ry. Co. v. Blish Milling Co.*, 241 U.S. 190, 196 (1916). As a result, courts have consistently held that the amendment preempts all state claims related to a shipping agreement. See *Hall*, 476 F.3d at 689-90 ("Our holding in *Hughes* . . . applies equally to fraud and conversion claims arising from a carrier's misrepresentations as to the conditions of delivery or failure to carry out delivery"); *White v. Mayflower Transit, LLC*, 481 F.Supp.2d 1105, 1109 n. 3 (C.D. Cal. 2007) (holding that claims "for contractual fraud, insurance coverage, general negligence, and property damage relate[d] to the loss of, or damage to, plaintiff's personal belongings, [were] . . . preempted. Plaintiff's claim for intentional infliction of emotional distress is also preempted"); *Gendler v. All Pro Van Lines, Inc.*, 464 F.Supp.2d 925, 929 (D. Ariz. 2005) (where "[a]ll of Plaintiff's claims stem from and arise out of Defendant's refusal to deliver Plaintiffs' property after transporting the property through interstate commerce," they are preempted); *Coughlin v. United Van Lines, LLC*, 362 F.Supp.2d 1166, 1168 (C.D. Cal. 2005) ("All Circuit Courts of Appeal, including the Ninth Circuit, have held that Carmack's broad scope preempts all state law claims, whether they contradict or supplement Carmack remedies. . . . It is against this vast and pervasive backdrop that Plaintiff's state law claims must be viewed. As it is undisputed that Plaintiff seeks to recover for damages allegedly sustained incident to the interstate shipment of her goods, it is clear that Plaintiff's state law causes of action are preempted by the Carmack Amendment and are hereby dismissed" (collecting cases)). Because Titans' claims are based on loss of property during interstate shipping, they are subject to complete preemption under the Carmack Amendment. See *Hall*, 476 F.3d at 688.

### C. Legal Standard Governing Removal in Carmack Amendment Cases

JTS claims that this court has jurisdiction under 28 U.S.C. §§ 1331 and 1337(a). Section 1337(a) states in part that "the district courts shall have original jurisdiction of an action brought under section 11706 or 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs." Although § 1331 does not contain an amount in controversy requirement, courts have held that a removing defendant cannot circumvent the amount in controversy requirement of § 1337(a) by claiming jurisdiction under § 1331. See *Pillsbury Co. v. Atchison, Topeka and Santa Fe Ry. Co.*, 548 F.Supp. 28, 30 (D. Kan. 1982) ("Pillsbury's argument that this court has jurisdiction under Section 1331, irrespective of Section 1337(a), is without merit. Applying Pillsbury's argument, any claim, however small, could still be brought in federal court if it involved the Interstate Commerce Act because the amount in controversy requirement has been removed from Section 1331. Such an interpretation would totally undermine the purpose of the 1978 amendment to Section 1337 and

suggest that Congress miserably failed in its attempt to alleviate that burden on the federal court's docket. Furthermore, courts have held that jurisdiction cannot be premised on Section 1331 where a more specific statute would remove jurisdiction or grant jurisdiction to another court. For Section 1337(a) to have any effect, it must be viewed as a specific exception . . . to the broad grant of jurisdiction in Section 1331" (internal citations omitted)); *Com. of Puerto Rico v. Sea-Land Service, Inc.*, 349 F.Supp. 964, 974 (D. P.R. 1970) ("Each section excludes the other and any attempt to inject the requisites of 1331 into 1337 would go against Congress' desire to create two different grounds for federal jurisdiction.")

Additionally, 28 U.S.C. § 1445(b) provides that "[a] civil action in any State court against a carrier or its receivers or trustees to recover damages for delay, loss, or injury of shipments, arising under section 11706 or 14706 of title 49, may not be removed to any district court of the United States unless the matter in controversy exceeds $10,000, exclusive of interest and costs." Courts have interpreted the amount in controversy requirement set forth in § 1445(b) to be the same as that in § 1337(a), i.e., that it requires the amount in controversy in *each* bill of lading to be at least $10,000. See *Carousel Nut Prods., Inc. v. Milan Exp. Co., Inc.*, 767 F.Supp. 142, 143 (W.D. Ky. 1991) ("Although § 1445(b) does not expressly require that the matter in controversy for each receipt or bill of lading exceed $10,000.00, we believe that the Congress intended that the jurisdictional requirements for suits under the Carmack Amendment, whether brought under this court's original jurisdiction pursuant to § 1337(a) or removed under § 1445(b), be the same"); see also *Hunter*, 746 F.2d at 652 ("Section 1337 requires that 'the matter in controversy for each receipt or bill of lading' exceed $10,000. . . . That language was obviously intended to narrow federal jurisdiction in Carmack Amendment cases by prohibiting aggregation of Carmack Amendment claims arising from separate bills of lading"); *Pillsbury*, 548 F.Supp. at 30 (for a federal court to have jurisdiction under the Carmack Amendment, the amount in controversy on each receipt or bill of lading must exceed $10,000; claims cannot be aggregated to meet this requirement); *N.Y. J.D.C., Inc. v. United Parcel Serv., Inc.*, No. 03 CIV. 3310(DC), 2004 WL 1646759, *2 (S.D.N.Y. Jul. 26, 2004) (holding that subject matter jurisdiction was lacking because none of several separate shipments involved damages exceeding $10,000).

Thus, under § 1337(a) and § 1445(b), the court has removal jurisdiction only if the $10,000 *per bill of lading* amount in controversy requirement is met.

### D. Whether JTS has Established the Amount in Controversy

As the removing party, JTS bears the burden of demonstrating that the amount in controversy requirement is met by a preponderance of the evidence. *Gaus*, 980 F.2d at 566. "Normally, this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement. If it is unclear what amount of damages the plaintiff has sought, . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount . . . by a preponderance of the evidence." *Id*.

To determine whether defendant has met its burden of establishing the jurisdictional amount, the court first considers whether the amount in controversy is "facially apparent" from the complaint.

*Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); see also *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (quoting *Singer*, 116 F.3d at 377). Titans seeks general compensatory damages, special damages, and punitive damages in an amount in excess of $25,000.[6] The complaint does not, however, identify the exact amount of damages claimed.

Where a plaintiff has not specified the amount of damages sought in his or her complaint, the removing defendant bears the burden of adducing summary judgment-like evidence that the amount in controversy requirement is met. See *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003) ("[W]e have endorsed the Fifth Circuit's practice of considering facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.' Conclusory allegations as to the amount in controversy are insufficient"); *Abrego Abrego*, 116 F.3d at 377 (holding that the "court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of the removal'"); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ("Under [the preponderance of the evidence] burden, the defendant must provided evidence establishing that it is 'more likely than not' [that jurisdiction is satisfied]"); *Gaus*, 980 F.2d at 567. JTS has not specified the amount in controversy per bill of lading in its notice of removal. Thus, JTS has not carried its burden of showing that the court can exercise jurisdiction over the case.

For the foregoing reasons, the court orders JTS to show cause on or before **March 16, 2009**, why this action should not be remanded for lack of subject matter jurisdiction. Failure to respond by **March 16, 2009**, will result in the immediate remand of the action to state court. Plaintiff may file a response on or before **March 23, 2009**.

---

[6] Complaint, Prayer for Relief, ¶ 1.