JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TITANS TRADING CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>JTS EXPRESS; and DOES 1 through 10,<br>inclusive,<br><br>　　　　　Defendants. | CASE NO. CV 09-00714 MMM (RCx)<br><br>ORDER REMANDING ACTION TO LOS<br>ANGELES SUPERIOR COURT FOR<br>LACK OF SUBJECT MATTER<br>JURISDICTION |

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 19, 2008, plaintiff Titans Trading Corporation filed a complaint against defendants JTS Express, Inc. and certain unnamed defendants in Los Angeles Superior Court. Titans alleges that it retained the services of JTS on an ongoing basis to pick up boxes of video game equipment from a storage warehouse in Torrance, California and deliver them to Miami, Florida.[1]  Titans asserts that three of the shipments JTS delivered were missing equipment when they arrived in Miami.[2]  It contends that the shrink wrap it had placed on the pallets was replaced,

---

[1] Complaint, ¶ 7.

[2] *Id.*, ¶ 9.

indicating that someone tampered with the shipments while they were in JTS's custody.[3]  Titans pleads claims for breach of contract, conversion, fraud, general negligence, negligent hiring, breach of bailment, and negligent breach of bailment.[4]

JTS removed the action to this court on January 29, 2009, asserting that the matter fell within the court's federal question jurisdiction under 28 U.S.C. §§ 1441, 1331, 1337, and 49 U.S.C. § 14706(a) (the "Carmack Amendment").[5]  On March 3, 2009, the court issued an order to show cause why it should not remand the action to state court for lack of subject matter jurisdiction.[6]  JTS filed a response to the court's order on March 4, 2009.[7]

## II.  DISCUSSION

### A.      Legal Standard Governing Removal

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment[, however,] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), and *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir.

---

[3]*Id.*, ¶ 13.

[4]*Id.* at 1.

[5]Notice of Removal of Case From Superior Court, County of Los Angeles to United States District Court, Docket No. 1 (Jan. 29, 2009) at 1.  JTS also filed an answer on March 2, 2009.

[6]See Order to Show Cause Why Action Should Not Be Remanded to State Court for Lack of Subject Matter Jurisdiction, Docket No. 7 (Mar. 3, 2009).

[7]See Response of JTS Express, Inc. to OSC Re: Remand for Lack of Subject Matter Jurisdiction ("Response"), Docket No. 9 (Mar. 4, 2009).

1   1985)).  Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of

2   removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062,

3   1064 (9th Cir. 1979)).  "The 'strong presumption' against removal jurisdiction means that the

4   defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto*

5   *v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche*

6   *Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

7   Removal jurisdiction can be based on diversity of citizenship or on the existence of a

8   federal question.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court

9   actions that originally could have been filed in federal court may be removed to federal court by

10  the defendant.  Absent diversity of citizenship, federal-question jurisdiction is required"); see also

11  28 U.S.C. § 1441(b); 28 U.S.C. § 1331 (the district courts "have original jurisdiction of all civil

12  actions arising under the Constitution, laws, or treaties of the United States").

13  Federal question jurisdiction is presumed to be absent unless defendants, as the parties

14  seeking removal, show that plaintiffs have either alleged a federal claim (*American Well Works*

15  *Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)), a state cause of action that requires

16  resolution of a substantial issue of federal law (*Franchise Tax Bd. v. Construction Laborers*

17  *Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199

18  (1921)), or a state cause of action that Congress has transformed into an inherently federal claim

19  by completely preempting the field (*Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560

20  (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)).

21  Since a defendant may remove a case under § 1441(b) only if the claim could originally

22  have been filed in federal court, whether removal jurisdiction exists must be determined by

23  reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478

24  U.S. 804, 808 (1986).  It is not enough for removal purposes that a federal question may arise in

25  connection with a defense or counterclaim.  "[F]ederal jurisdiction exists only when a federal

26  question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482

27  U.S. at 392; see also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

28  There is an exception to the "well pleaded complaint" rule, however.  Under the "artful

3

pleading" doctrine, a plaintiff cannot defeat removal of a federal claim by disguising or pleading it artfully as a state law cause of action.  If the claim arises under federal law, the federal court will recharacterize it and uphold removal.  *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 n. 2 (1981); *Schroeder v. TransWorld Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983).  The "artful pleading" doctrine applies to state claims that are completely preempted by federal law.  See *Caterpillar*, 482 U.S. at 393 ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law"); *ARCO Environmental Remediation, L.L.C. v. Department of Health & Environmental Quality of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000) ("A state-created cause of action can be deemed to arise under federal law . . . where federal law completely preempts state law").

Complete preemption arises only when a federal statute has "extraordinary" preemptive force.  See *Metropolitan Life Ins. Co.*, 481 U.S. at 65; *Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993) ("The [complete preemption] doctrine applies in select cases where the preemptive force of federal law is so 'extraordinary' that it converts state common law claims into claims arising under federal law for purposes of jurisdiction," citing *Caterpillar*, 482 U.S. 386). The complete preemption doctrine is narrowly construed.  See *Holman*, 994 F.2d at 668 (calling the complete preemption doctrine a "narrow exception to the 'well-pleaded complaint rule'"); *Gatton v. T-Mobile USA, Inc.*, No. SACV 03-130 DOC, 2003 WL 21530185, * 5  (C.D. Cal. Apr. 18, 2003) ("The complete preemption doctrine is, however, extremely narrow," citing *TPS Utilicom Services, Inc. v. AT & T Corp.*, 223 F.Supp.2d 1089, 1097 (C.D. Cal. 2002)).

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue.  See *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments," citing *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)); see also *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court *sua sponte*); *Thiara v. Kiernan*, No. C06-03503 MJJ, 2006 WL 3065568, *2 (N.D. Cal. Oct. 25,

2006) ("A district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits").

Where a case has been removed, the court may remand for lack of subject matter jurisdiction at any time before final judgment.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").  The court may – indeed must – remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction.  See *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("[W]e have held that the district court must remand if it lacks jurisdiction," citing *Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998)).

**B.     Whether the Carmack Amendment Completely Preempts Titans' State Law Claims**

As the court noted in its order to show cause, Titans has not alleged a federal claim.  The Carmack Amendment, however, "subjects a motor carrier transporting cargo in interstate commerce to absolute liability for actual loss or injury to property."  *Hughes Aircraft Co. v. North Am. Van Lines, Inc.*, 970 F.2d 609, 611 (9th Cir. 1992).[8]  Titans used JTS as a "licensed property broker" to ship goods from California to Florida.[9]  Titans alleges that JTS is liable for goods that were stolen from one of the shipments.[10]  The court must therefore consider whether Titans' claims are completely preempted by the Carmack Amendment.

The Ninth Circuit has held that the Carmack Amendment completely preempts state contract claims alleging delay, loss, failure to deliver or damage to property.  See *Hall v. North America Van Lines*, 476 F.3d 683, 688 (9th Cir. 2007) ("[T]he Carmack Amendment completely preempts a contract claim alleging loss or damage to property"); *id.* (noting the "well settled"

---

[8]The Carmack Amendment was formerly codified at 49 U.S.C. § 11707.  It is now found at 49 U.S.C. § 11706.  *M.R. Swanson, Inc. v. Burlington Northern and Santa Fe Ry. Co.*, No. CIV. F-99-5496AWISMS, 2001 WL 201378, * 2 (E.D. Cal. Feb. 21, 2001).

[9]Complaint, ¶ 7.

[10]See Complaint.

principle "that the Carmack Amendment is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property"); *id.* at 688-89 ("the Carmack Amendment is the exclusive cause of action for contract claims alleging delay, loss, failure to deliver or damage to property"); see also *New York, New Haven & Hartford RR Co. v. Nothnagle*, 346 U.S. 128, 131 (1953) ("Congress superseded diverse state laws with a nationally uniform policy governing interstate carriers' liability for property loss"); *Adams Express Co. v. Croninger*, 226 U.S. 491, 505-06 (1913) ("Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it"); *Hughes Aircraft*, 970 F.2d at 612 (explaining that the Carmack Amendment was enacted in 1906, and established a uniform national liability policy for interstate carriers); *Hunter v. United Van Lines*, 746 F.2d 635, 638 (9th Cir. 1985) (observing that plaintiffs' contract claim would have been completely preempted if it had satisfied Carmack's minimum amount in controversy).

Because the purpose of the Carmack Amendment is to create a uniform scheme governing liability arising out of interstate transportation of property, the scope of its preemption is broad. The Supreme Court has stated that the Carmack Amendment is "comprehensive enough to embrace responsibility for all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation." *Georgia, Florida and Alabama Ry. Co. v. Blish Milling Co.*, 241 U.S. 190, 196 (1916). As a result, courts have consistently held that the amendment preempts all state claims related to a shipping agreement. See *Hall*, 476 F.3d at 689-90 ("Our holding in *Hughes* . . . applies equally to fraud and conversion claims arising from a carrier's misrepresentations as to the conditions of delivery or failure to carry out delivery"); *White v. Mayflower Transit, LLC*, 481 F.Supp.2d 1105, 1109 n. 3 (C.D. Cal. 2007) (holding that claims "for contractual fraud, insurance coverage, general negligence, and property damage relate[d] to the loss of, or damage to, plaintiff's personal belongings, [were] . . . preempted. Plaintiff's claim for intentional infliction of emotional distress is also preempted"); *Gendler v. All Pro Van Lines, Inc.*, 464 F.Supp.2d 925, 929 (D. Ariz. 2005) (where "[a]ll of Plaintiff's claims stem from and arise out of Defendant's refusal to deliver Plaintiffs' property after transporting the property

through interstate commerce," they are preempted); *Coughlin v. United Van Lines, LLC*, 362 F.Supp.2d 1166, 1168 (C.D. Cal. 2005) ("All Circuit Courts of Appeal, including the Ninth Circuit, have held that Carmack's broad scope preempts all state law claims, whether they contradict or supplement Carmack remedies. . . .  It is against this vast and pervasive backdrop that Plaintiff's state law claims must be viewed.  As it is undisputed that Plaintiff seeks to recover for damages allegedly sustained incident to the interstate shipment of her goods, it is clear that Plaintiff's state law causes of action are preempted by the Carmack Amendment and are hereby dismissed" (collecting cases)).  Because Titans' claims are based on loss of property during interstate shipping, they are subject to complete preemption under the Carmack Amendment. See *Hall*, 476 F.3d at 688.

### C.    Legal Standard Governing Removal in Carmack Amendment Cases

In its notice of removal, JTS claims that the court has jurisdiction under 28 U.S.C. §§ 1331 and 1337(a).  Section 1337(a) states in part that "the district courts shall have original jurisdiction of an action brought under section 11706 or 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs."  Although § 1331 does not contain an amount in controversy requirement, courts have held that a removing defendant cannot circumvent the amount in controversy requirement of § 1337(a) by claiming jurisdiction under § 1331.  See *Pillsbury Co. v. Atchison, Topeka and Santa Fe Ry. Co.*, 548 F.Supp. 28, 30 (D. Kan. 1982) ("Pillsbury's argument that this court has jurisdiction under Section 1331, irrespective of Section 1337(a), is without merit.  Applying Pillsbury's argument, any claim, however small, could still be brought in federal court if it involved the Interstate Commerce Act because the amount in controversy requirement has been removed from Section 1331.  Such an interpretation would totally undermine the purpose of the 1978 amendment to Section 1337 and suggest that Congress miserably failed in its attempt to alleviate that burden on the federal court's docket.  Furthermore, courts have held that jurisdiction cannot be premised on Section 1331 where a more specific statute would remove jurisdiction or grant jurisdiction to another court.  For Section 1337(a) to have any effect, it must be viewed as a specific exception .  .  .  to the broad grant of jurisdiction in Section 1331" (internal citations omitted));

1  *Commonwealth of Puerto Rico v. Sea-Land Service, Inc.*, 349 F.Supp. 964, 974 (D. P.R. 1970)

2  ("Each section excludes the other and any attempt to inject the requisites of 1331 into 1337 would

3  go against Congress' desire to create two different grounds for federal jurisdiction.")

4  Additionally, 28 U.S.C. § 1445(b) provides that "[a] civil action in any State court against

5  a carrier or its receivers or trustees to recover damages for delay, loss, or injury of shipments,

6  arising under section 11706 or 14706 of title 49, may not be removed to any district court of the

7  United States unless the matter in controversy exceeds $10,000, exclusive of interest and costs."

8  Courts have interpreted the amount in controversy requirement set forth in § 1445(b) to be the

9  same as that in § 1337(a), i.e., a requirement that the amount in controversy in *each* bill of lading

10  be at least $10,000.  See *Carousel Nut Prods., Inc. v. Milan Exp. Co., Inc.*, 767 F.Supp. 142,

11  143 (W.D. Ky. 1991) ("Although § 1445(b) does not expressly require that the matter in

12  controversy for each receipt or bill of lading exceed $10,000.00, we believe that the Congress

13  intended that the jurisdictional requirements for suits under the Carmack Amendment, whether

14  brought under this court's original jurisdiction pursuant to § 1337(a) or removed under § 1445(b),

15  be the same"); see also *Hunter*, 746 F.2d at 652 ("Section 1337 requires that 'the matter in

16  controversy for each receipt or bill of lading' exceed $10,000. . . .  That language was obviously

17  intended to narrow federal jurisdiction in Carmack Amendment cases by prohibiting aggregation

18  of Carmack Amendment claims arising from separate bills of lading"); *Pillsbury*, 548 F.Supp. at

19  30 (for a federal court to have jurisdiction under the Carmack Amendment, the amount in

20  controversy on each receipt or bill of lading must exceed $10,000, and claims cannot be

21  aggregated to meet this requirement); *N.Y. J.D.C., Inc. v. United Parcel Serv., Inc.*, No. 03 CIV.

22  3310(DC), 2004 WL 1646759, *2 (S.D.N.Y. Jul. 26, 2004) (holding that subject matter

23  jurisdiction was lacking because none of several separate shipments involved damages exceeding

24  $10,000).

25  Thus, under § 1337(a) and § 1445(b), the court has removal jurisdiction only if the

26  $10,000 *per bill of lading* amount in controversy requirement is met.

27  **D.   Whether the Court has Subject Matter Jurisdiction**

28  In response to the court's order to show cause, JTS proffers the declaration of John Jones,

its president.[11]  Jones states that he received a letter dated October 24, 2008 from Thomas Lin, Titans' president, "which puts the 'cost of the stolen products from the three shipments [at] $12,114.00.'"[12]  Jones' declaration is insufficient to establish that the amount in controversy requirement is met because it states only the *total* cost of the missing equipment.  In other words, it aggregates three shipments for purposes of meeting the $10,000 jurisdictional threshold.  As noted, §§ 1337(a) and 1445(b) require that the amount in controversy with respect to *each* bill of lading exceed $10,000.  Thus, JTS has failed to establish that the court has subject matter jurisdiction, and the court must remand the case to state court.

### III.  CONCLUSION

For the reasons stated, the court concludes that it lacks subject matter jurisdiction over this action.  Accordingly, the action is remanded to Los Angeles Superior Court.


DATED: April 10, 2009

_____
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

---

[11]Declaration of John Jones, attached to Response.

[12]*Id.* at 3.

9